1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS TERCERO,<br><br>                                   Plaintiff,<br><br>v.<br><br>MERCEDES-BENZ USA, LLC, a<br>Delaware Limited Liability Company; and<br>DOES 1 THROUGH 10, inclusive,<br><br>                                   Defendants. | Case No.:  24-CV-2084 TWR (KSC)<br><br>**ORDER (1) GRANTING IN PART<br>PLAINTIFF'S MOTION FOR<br>ATTORNEYS' FEES;<br>(2)  GRANTING PLAINTIFF'S<br>MOTION FOR COSTS AND<br>EXPENSES; AND (3) DENYING AS<br>MOOT PLAINTIFF'S MOTION TO<br>REMAND**<br><br>(ECF Nos. 8, 19, 20) |

Presently before the Court are Plaintiff Luis Tercero's Motion for Attorneys' Fees ("Fees Mot.," ECF No. 19), and Motion for Costs and Expenses ("Costs Mot.," ECF No. 20), as well as Defendant Mercedes-Benz USA, LLC's Opposition to ("Opp'n," ECF No. 22) and Plaintiff's Reply in support of ("Reply," ECF No. 24) the Fees Motion.  For  the reasons set forth below, the Court **GRANTS IN PART** Plaintiff's Fees Motion and **GRANTS** Plaintiff's Costs Motion.  Additionally, in light of the settlement agreement between the Parties, (*see* ECF No. 16), the Court **DENIES AS MOOT** Plaintiff's Motion to Remand to State Court ("Remand Mot.," ECF No. 8).

1

**BACKGROUND**

On October 1, 2024, Plaintiff initiated this action by filing his Complaint in the Superior Court of California, County of San Diego. (*See* ECF No. 1-2 ("Compl.") at 4.) The Complaint alleged two claims, both for violations of the Song-Beverly Consumer Warranty Act.[1] (Compl. at 6:6, 7:10.) Defendant removed the action to this Court on November 6, 2024, (*see* ECF No. 1), and the case settled at the Early Neutral Evaluation, which the Honorable Karen S. Crawford held on February 10, 2025. (*See* ECF No. 16; *see also* ECF No. 19.)

**LEGAL STANDARD**

"In a diversity case" such as this one, "the law of the state in which the district court sits determines whether a party is entitled to attorney fees, and the procedure for requesting an award of attorney fees is governed by federal law." *Carnes v. Zamani*, 488 F.3d 1057, 1059 (9th Cir. 2007). "Under § 1794(d) of California's Song-Beverley Act, the prevailing party shall be allowed to recover attorneys' fees 'based on actual time expended, determined by the court to have been reasonably incurred by the buyer in connection with the commencement and prosecution of such action.'" *Nguyen v. BMW of N. Am., LLC*, No. 20-CV-2432 JLS (BLM), 2023 WL 173921, at *1 (S.D. Cal. Jan. 12, 2023) (quoting Cal. Civ. Code § 1794(d)). "A prevailing buyer has the burden of showing that the fees incurred were allowable, were reasonably necessary to the conduct of the litigation, and were reasonable in amount." *Id.* (quoting *Nightingale v. Hyundai Motor Am.*, 31 Cal. App. 4th 99, 104 (1994)). "The opposing party may object to specific costs, placing the burden on the buyer to demonstrate their necessity." *Aispuro v. Ford Motor Co.*, No. 18-CV-2045 DMS (KSC), 2020 WL 4582677, at *2 (S.D. Cal. Aug. 10, 2020) (citing *Rappenecker v. Sea-Land Serv., Inc.*, 93 Cal. App. 3d 256, 266 (1979)).

/ / /

---

[1]    These claims are colloquially referred to as "lemon law" claims. *E.g., Blood v. Mercedez-Benz, USA, LLC*, No. 23-CV-1463-WQH-AHG, 2024 WL 4875265, at *5 (S.D. Cal. Nov. 22, 2024).

"Courts calculate attorneys' fees under § 1794(d) using the 'lodestar adjustment method.'" *Id.* (quoting *Robertson v. Fleetwood Travel Trailers of Cal., Inc.*, 144 Cal. App. 785, 818 (2006)). First, the Court "begins with a touchstone or lodestar figure, based on the careful compilation of the time spent and reasonable hourly compensation of each attorney." *Id.* (quoting *Ketchum v. Moses*, 24 Cal. 4th 1122, 1131–32 (2001)). Next, the Court has the discretion to adjust the lodestar figure based on "(1) the novelty or difficulty of the questions involved, (2) the skill displayed in presenting them, (3) the extent to which the nature of the litigation precluded other employment by the attorneys, [and] (4) the contingent nature of the fee award." *Id.* (quoting *Ketchum*, 24 Cal. 4th at 1132). "The purpose of such adjustment is to fix a fee at the fair market value for the particular action." *Ketchum*, 24 Cal. 4th at 1132.

## DISCUSSION

Plaintiff requests that the Court award a lodestar figure of $35,105.50, a lodestar multiplier enhancement of $17,552.75, and actual costs in the amount of $865.50. (Fees Mem. at 7:22–8:3.) In total, Plaintiff seeks $53,523.75 in attorneys' fees and costs for the work done by his attorneys from Knight Law Group, LLP ("KLG") on a lemon law claim related to a vehicle leased for $56,571.80. (ECF No. 19-1 ("Fees Mem.") at 8:2–6.)

### I.    Attorneys' Fees

#### A.    *Reasonableness of Hourly Rates*

"The burden is on the fee applicant to produce satisfactory evidence—in addition to the attorney's own affidavits—that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Nguyen*, 2023 WL 173921, at *2 (alteration adopted) (quoting *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 979 (9th Cir. 2008)). "The relevant community is that in which the district court sits." *Carr v. Tadin, Inc.*, 51 F. Supp. 3d 970, 978 (S.D. Cal. 2014). "Once the fee applicant has proffered such evidence, the opposing party must produce its own affidavits or other evidence to rebut the proposed rate." *Nguyen*, 2023 WL 173921, at *2.

Here, Plaintiff requests the following rates:

| Name | Position | Hourly Rate |
|---|---|---|
| Debra Reed | Associate Attorney II | $495 |
| Jacob Cutler | Senior Attorney | $550 |
| Lauren Ungs | Partner | $550 |
| Russell Higgins | Partner | $550–600[2] |
| Scot Wilson | Partner | $645 |
| Norman Little | Paralegal | $145 |

(*See* ECF No. 19-3 ("KLG Invoice") at 9.)

Plaintiff asserts that these rates are reasonable because "numerous court orders [have] confirm[ed] the reasonableness of Plaintiff's counsels' hourly rates[,]" "[t]his case required a range of specialized knowledge[,]" and "Plaintiff's attorneys' experience has enabled them to develop litigation strategies that are highly effective and cost and time efficient." (Fees Mem. at 13:22–23, 14:12–13, 15:14–16.)  Roger Kirnos, the Managing Partner at KLG, submitted a declaration in support of the Fees Motion in which he describes the fees awarded to his firm in twenty different cases from jurisdictions throughout California. (ECF No. 19-2 ("Kirnos Decl.") ¶¶ 28–47.)  Notably, only two of these cases are from the Southern District of California, and both are approximately five years old. (*See* Kirnos Decl. ¶¶ 35, 39.)

Defendant contends that Plaintiff's requested hourly rates are unreasonable and instead suggests hourly rates of $400 for all attorneys and $100 for paralegals. (Opp'n at 8:12–16.) Specifically, Defendant argues that "[n]o evidence is presented that [Plaintiff's] attorneys actually bill any clients at th[e requested] rates" and that Kirnos "do[es] not

---

[2]     Although Plaintiff does not squarely address the increase in Russell Higgins's rate from $550/hour to $600/hour, it appears that KLG changed his rate at the beginning of 2025. (*See generally* KLG Invoice; *see also* Kirnos Decl. ¶ 23.)

provide any details about the respective cases cited[.]" (Opp'n at 8:2–4.)  In support of its argument, Defendant submitted a declaration from Mehgan Gallagher—one of Defendant's attorneys of record—and copies of orders on attorneys' fees motions from seven different federal cases in California.  (*See* ECF Nos. 22-1 ("Gallagher Decl."), 22-6, 22-7, 22-8, 22-9, 22-10, 22-11, 22-12.)  None of the cases provided by Defendant were litigated in the Southern District of California.

Because the Parties have provided little caselaw from the Southern District of California, the Court will rely on its own survey of lemon law cases in this District.  Four recent decisions guide the Court's analysis.  First, in *Aispuro v. Ford Motor Company* (2020), a case involving KLG attorneys, the Honorable Dana M. Sabraw awarded the following hourly rates: $350 for partners, $225 for associates, and $200 for paralegals. 2020 WL 4582677, at *3–4.

Second, in *Nyugen v. BMW of North America, LLC* (2023), the Honorable Janis L. Sammartino awarded the following hourly rates: $525 for a partner with 16 years of lemon law experience, $375 for senior litigation counsel with 1 year of lemon law experience, $325 for an associate with 3 years of lemon law experience, and $140 for paralegals.  2023 WL 173921, at *3.

Third, in *Wentworth v. Ford Motor Company* (2023), the Honorable Thomas J. Whelan awarded the following hourly rates: $575 for partners with over 20 years of lemon law experience, $450 for an associate with over 25 years of lemon law experience, and $325 for an associate with 7 years of lemon law experience.  No. 22-CV-01964-W-BGS, 2023 WL 11795672, at *3 (S.D. Cal. Apr. 17, 2023).

Fourth, in *Blood v. Mercedez-Benz, USA, LLC* (2024), the Honorable William Q. Hayes awarded the following hourly rates: $605 for partners with over 20 years of lemon law experience, $475 for a senior attorney with over 20 years of general legal experience, $395 for an associate with 7 years of lemon law experience, $250 for an associate with less than a year of lemon law experience, and $195 for paralegals.  2024 WL 4875265, at *5.

/ / /

In light of these recent decisions, the Court awards the following rates:

| Name | Position | Hourly Rate |
|---|---|---|
| Debra Reed | Associate Attorney II | $375 |
| Jacob Cutler | Senior Attorney | $400 |
| Lauren Ungs | Partner | $450 |
| Russell Higgins | Partner | $475 |
| Scot Wilson | Partner | $475 |
| Norman Little | Paralegal | $145 |

These rates account for each attorney's relative experience and occupy a middle ground between the rates in the cases cited *supra*. First, Debra Reed is an associate with 15 years of general legal experience, but Plaintiff has failed to specify whether she had any lemon law experience prior to this case. (Kirnos Decl. ¶ 20.) An hourly rate of $375 is reasonable because her experience closely resembles that of the senior litigation counsel in *Nguyen* ($375/hour). *See* 2023 WL 173921, at *3.

Second, Jacob Cutler is a senior attorney with 5 years of lemon law experience. (Kirnos Decl. ¶ 21.) His experience exceeds that of the senior litigation counsel in *Nguyen* ($375/hour) but falls short of that of the senior attorney in *Blood* ($475/hour). *See* 2023 WL 173921, at *3; 2024 WL 4875265, at *5. Therefore, an hourly rate of $400 is reasonable.

Third, Lauren Ungs is a partner with 12 years of general legal experience. (Kirnos Decl. ¶ 22.) Although Plaintiff lists several cases in which Ms. Ungs has participated, Plaintiff fails to provide to the Court a definite representation of her lemon law experience. An hourly rate of $450 is reasonable because Ms. Ungs has less lemon law experience than the partner in *Nguyen* ($525/hour) and the senior attorney in *Blood* ($475/hour). *See* 2023 WL 173921, at *3; 2024 WL 4875265, at *5.

Fourth, Russell Higgins and Scot Wilson are partners with more than 20 years of general legal experience. (Kirnos Decl. ¶¶ 23–24.) Their experience resembles that of the

partners in *Aispuro* ($350/hour) and the partners in *Wentworth* ($575/hour). *See* 2020 WL 4582677, at *3; 2023 WL 11795672, at *3. Therefore, an hourly rate of $475 is reasonable.

Fifth, Norman Little is a paralegal with 5 years of experience. (Kirnos Decl. ¶ 25.) Because Plaintiff's requested hourly rate of $145 is less than or equivalent to the hourly rates awarded for paralegals in *Aispuro* ($200), *Nguyen* ($140), and *Blood* ($195), the Court awards Plaintiff's requested hourly rate for Norman Little.

### B.    Reasonableness of Hours Expended

"The party seeking an award of fees should submit evidence supporting the hours worked[,]" and "[w]here the documentation of hours is inadequate, the district court may reduce the award accordingly." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). "The district court also should exclude from this initial fee calculation hours that were not 'reasonably expended.'" *Id.* at 434. Here, Defendant challenges several billing entries as (1) clerical and other unrecoverable work; (2) duplicative, exaggerated, and unnecessary work; (3) prelitigation work; and (4) anticipated work. (Opp'n at 8:17–10:8; *see also* ECF No. 22-2 ("Def.'s Objections").)

#### 1.    Clerical and Other Unrecoverable Work

Defendant contends that many of KLG's billing entries bill for clerical and other types of unrecoverable work. (*See* Def.'s Objections.) "Work that is clerical in nature should be 'subsumed in firm overhead rather than billed[.]'" *Nguyen*, 2023 WL 173921, at *5 (quoting *Nadarajah v. Holder*, 569 F.3d 906, 921 (9th Cir. 2009)). Importantly, when "entries are block-billed and cannot be separated from otherwise allowable tasks, . . . it [is] proper to exclude entries containing clerical work in full[.]"[3] *Id.* The Court categorizes Defendant's objections based on the nature of the challenged billing entries.

---

[3]    Defendant separately objects that several of KLG's billing entries "contain improper block-billing" and are not recoverable. (Opp'n at 8:19–21.) Because these objections are largely duplicative of Defendant's objections to entries billing for clerical tasks, the Court resolves both sets of objections concurrently. In other words, the Court excludes the entirety of all entries that bill jointly for clerical tasks and substantive tasks.

### a. General Clerical Work

In general, "purely clerical work or secretarial tasks should not be billed at a paralegal or lawyer's rate, regardless of who performs them." *Missouri v. Jenkins*, 491 U.S. 274, 288 n.10 (1989).  Unrecoverable clerical work includes "updating calendars, receiving documents, receiving incoming mail, reviewing upcoming deadlines, saving documents to the file, and performing other administrative tasks." *Nguyen*, 2023 WL 173921, at *5.

Sixteen of Norman Little's entries and two of Debra Reed's entries bill for time spent downloading and saving documents, updating files, tracking the case, calendaring deadlines, receiving emails, and cancelling events and tasks.  (*See* KLG Invoice at 2–6, 8.)  The Court excludes these billing entries from the fee award, which results in a deduction of 14 hours from Norman Little's time and 1.4 hours from Debra Reed's time.[4]  Defendant asserts that six additional entries bill for unrecoverable clerical work, (*see* Def.'s Objections at 4, 6, 12, 14, 15), but the Court disagrees.  These entries are recoverable because they bill for substantive tasks (e.g., "draft initial disclosures").[5]  (*See* KLG Invoice at 2–3, 6–7.)

### b. Internal Communications

Some internal communications are unrecoverable clerical tasks.  Although "[m]eetings between attorneys are a routine and necessary part of providing legal

---

[4]    The Court excludes from the fee award the following entries billed by Norman Little: 0.8 hours on November 7, 2024; 0.5 hours on November 14, 2024; 0.7 hours on November 14, 2024; 0.2 hours on November 21, 2024; 1.7 hours on December 9, 2024; 0.6 hours on December 9, 2024; 0.5 hours on December 9, 2024; 0.6 hours on December 16, 2024; 1.7 hours on January 3, 2025; 0.8 hours on January 10, 2025; 0.2 hours on January 13, 2025; 1.3 hours on January 21, 2025; 2.0 hours on January 23, 2025; 1.5 hours on January 24, 2025; 0.5 hours on February 3, 2025; and 0.4 hours on February 10, 2025.
    The Court also excludes from the fee award the following entries billed by Debra Reed: 0.4 hours on November 19, 2024, and 1.0 hours on February 3, 2025.

[5]    The Court includes in the fee award the following entries: 0.2 hours billed by Norman Little on November 20, 2024; 0.3 hours billed by Scot Wilson on November 25, 2024; 2.5 hours billed by Norman Little on January 29, 2025; 0.4 hours billed by Russell Higgins on February 4, 2025; 0.3 hours billed by Norman Little on February 4, 2025; and 0.4 hours billed by Russell Higgins on February 7, 2025.

representation to the client, . . . many courts have reduced fee awards for time spent in 'interoffice conferences' or other internal communications." *Blood*, 2024 WL 4875265, at *11 (first quoting *Maldonado v. I.C. Sys., Inc.*, No. 1:23-CV-00186-JLT-BAM, 2024 WL 1092913 (E.D. Cal. Mar. 13, 2024), *report and recommendation adopted sub nom. De Maldonado v. I.C. Sys., Inc.*, No. 1:23-CV-0186 JLT BAM, 2024 WL 1332677 (E.D. Cal. Mar. 28, 2024); then quoting *Scott v. Jayco Inc.*, No. 1:19-CV-0315 JLT, 2021 WL 6006411, at *9 (E.D. Cal. Dec. 20, 2021)). Internal communications are recoverable if the content of the particular conversation is substantive and work-related. *See id.*

Five of Norman Little's entries, two of Russell Higgins's entries, and one of Debra Reed's entries bill for vague internal correspondences (e.g, "speak to colleague") and communications about routine overhead and scheduling matters (e.g., "correspondence with RH re zoom credentials"). (*See* KLG Invoice at 4–8.) The Court excludes these billing entries from the fee award, which results in a deduction of 2.5 hours from Norman Little's time, 0.3 hours from Russell Higgins's time, and 0.3 hours from Debra Reed's time.[6] Defendant argues that two additional entries contain unrecoverable internal communications, (*see* Def.'s Objections at 5, 14), but these entries are recoverable because they bill for communications related to substantive litigation tasks (e.g., "Meeting to discuss motion to remand").[7] (*See* KLG Invoice at 3, 7.)

### c.    Client Communications

"Communications with clients are not inherently clerical or non-clerical in nature." *Blood*, 2024 WL 4875265, at *8 (citing *Scott*, 2021 WL 6006411, at *11). Like internal

---

[6]    The Court excludes from the fee award the following entries: 0.4 hours billed by Norman Little on January 9, 2025; 0.1 hours billed by Russell Higgins on January 15, 2025; 0.3 hours billed by Debra Reed on January 15, 2025; 0.2 hours billed by Norman Little on January 16, 2025; 0.3 hours billed by Norman Little on January 17, 2025; 1.0 hours billed by Norman Little on February 3, 2025; 0.6 hours billed by Norman Little on February 5, 2025; and 0.2 hours billed by Russell Higgins on March 7, 2025.

[7]    The Court includes in the fee award the following entries: 0.5 hours billed by Debra Reed on November 22, 2024, and 0.4 hours billed by Norman Little on February 4, 2025.

communications, client communications are recoverable if the correspondence is substantive. *Id.* Three of Norman Little's entries, two of Jacob Cutler's entries, and one of Russell Higgins's entries bill for vague communications with Plaintiff (e.g., "Communication with client" and "Client communications"). (*See* KLG Invoice at 4, 7–8.) Because the Court cannot determine whether these communications with Plaintiff were substantive, the Court excludes these entries from the fee award. *See Blood*, 2024 WL 4875265, at *8. Accordingly, the Court deducts 1.3 hours from Norman Little's time, 0.6 hours from Jacob Cutler's time, and 3.4 hours from Russell Higgins's time.[8]

### d. Scheduling Tasks

"[T]ime devoted to scheduling . . . is not properly recoverable as part of the fee award." *Blood*, 2024 WL 4875265, at *8; *see also Kang v. Credit Bureau Connection, Inc.*, No. 1:18-CV-01359-SKO, 2023 WL 6811994, at *9 (E.D. Cal. Oct. 16, 2023) ("[T]asks related to scheduling are clerical, non-compensable tasks."); *Soler v. Cnty. of San Diego*, No. 14-CV-2470 MMA (RBB), 2021 WL 2515236, at *10 (S.D. Cal. June 18, 2021) (excluding from fee award time spent scheduling depositions). Four of Debra Reed's entries and two of Norman Little's entries bill for time spent scheduling meetings, hearing dates, and the Early Neutral Evaluation. (*See* KLG Invoice at 3–5, 7.) The Court excludes these billing entries from the fee award, which results in a deduction of 1.8 hours from Debra Reed's time and 1.2 hours from Norman Little's time.[9]

/ / /

---

[8] The Court excludes from the fee award the following entries: 0.7 hours billed by Norman Little on January 2, 2025; 0.3 hours billed by Norman Little on February 4, 2025; 0.3 hours billed by Norman Little on February 6, 2025; 0.4 hours billed by Jacob Cutler on February 7, 2025; 3.4 hours billed by Russell Higgins on February 10, 2025; and 0.2 hours billed by Jacob Cutler on March 19, 2025.

[9] The Court excludes from the fee award the following entries: 0.5 hours billed by Debra Reed on November 25, 2024; 1.0 hours billed by Norman Little on December 5, 2024; 0.3 hours billed by Debra Reed on December 9, 2024; 0.2 hours billed by Norman Little on January 15, 2025; 0.5 hours billed by Debra Reed on February 4, 2025; and 0.5 hours billed by Debra Reed on February 7, 2025.

e.      Service-Related Tasks

"[S]ervice-related tasks are not recoverable in a fee award."  *Blood*, 2024 WL 4875265, at *8; *see Maldonado*, 2024 WL 1092913, at *5 ("Courts in the Ninth Circuit have further found that drafting and preparing documents related to service of process are clerical tasks and have reduced the number of hours awarded as fees accordingly.").  Four of Norman Little's entries bill for time spent coordinating service of process and serving documents (e.g., "serve opposing counsel and save copies to file").  (*See* KLG Invoice at 4, 6–7.)  The Court excludes these billing entries from the fee award, which results in a deduction of 4.1 hours from Norman Little's time.[10]

f.      Vague Billing Entries

Additionally, Defendant asks the Court to exclude as vague and unjustified a one-hour entry billed by Debra Reed on February 4, 2025.  (Def.'s Objections at 14.)  Reed's description for the entry explains that she "[c]ause[d] bill to be prepared for attorney fees and costs to attach as an exhibit to the ENE."  (KLG Invoice at 7.)  Defendant contends that this explanation is insufficient to demonstrate "that any work was actually done[.]"  (Def.'s Objections at 14.)

"Where the documentation of hours is inadequate, the district court may reduce the award accordingly."  *Hensley*, 461 U.S. at 433.  Here, Plaintiff failed to adequately document what Debra Reed did to "cause" the bill "to be prepared."  Because Plaintiff neglected to provide sufficient detail to justify the billing entry, the Court cannot determine whether the entry is reasonable.  Accordingly, the Court excludes the entry and deducts 1.0 hours from Debra Reed's time.

/ / /

/ / /

---

[10]     The Court excludes from the fee award the following entries billed by Norman Little: 1.3 hours on January 6, 2025; 1.5 hours on February 3, 2025; 0.3 hours on February 4, 2025; and 1.0 hours on February 6, 2025.

2.    *Duplicative, Exaggerated, and Unnecessary Billing*

Defendant argues that KLG's invoice is "littered with unreasonable, exaggerated, and duplicative time entries." (Opp'n at 9:18–19.) "Overlitigation deemed excessive does not count towards the reasonable time component of a lodestar calculation." *Puccio v. Love*, No. 16-CV-02890 W (BGS), 2020 WL 434481, at *6 (S.D. Cal. Jan. 28, 2020). The Court categorizes Defendant's objections based on the nature of the challenged billing entries.

a.    Drafting and Preparing Documents

Defendant objects to four entries that bill for time that Debra Reed spent drafting the Motion to Remand, the Reply to Defendant's Opposition to the Motion to Remand, the Rule 26 joint report, and a settlement calculation spreadsheet. (Def.'s Objections at 6, 11–12, 16.) When the time billed for drafting written materials is "excessive for a routine lemon law case[,]" courts have reduced the fee award. *See Rahman v. FCA US LLC*, 594 F. Supp. 3d 1199, 1205 (C.D. Cal. 2022) (finding that billing 1.7 hours to draft complaint was excessive); *Blood*, 2024 WL 4875265, at *9–10 (reducing time billed for drafting complaint, jury demand, deposition notice, and deposition subpoenas). The Court considers Defendant's four objections in turn.

On December 6, 2024, Debra Reed billed 2.7 hours for "Continue drafting motion for remand." (KLG Invoice at 3.) Defendant contends that this entry is "duplicative" of previous billing entries and is "excessive for a template motion." (Def.'s Objections at 6.) Of relevance to Defendant's objection, Debra Reed also billed 1.0 hours on November 14, 2024, for "Begin drafting motion for remand" and 1.0 hours on December 5, 2024, for "Draft Tercero Notice of Motion and Continue to edit the Remand Memo." (KLG Invoice at 2–3.) In total, Reed billed 4.7 hours to draft and edit the Motion to Remand, a fourteen-page document. Nevertheless, because Reed had relatively little lemon law experience—which is reflected in the Court's decision to reduce her hourly rate, *see supra* Section I.A—the Court finds it reasonable for Reed to spend 4.7 hours researching, drafting, and editing the Motion for Remand. Additionally, although Defendant claims

that the Motion to Remand is merely a "template motion," Defendant fails to cite similar motions filed by KLG.  *See Nguyen*, 2023 WL 173921, at *4 (declining to deduct hours billed for drafting motion to remand that the defendant alleged was "nearly the exact same" as other motions filed by plaintiff's counsel).  Accordingly, the Court includes Debra Reed's December 6, 2024 billing entry in the fee award.

On January 23, 2025, Debra Reed billed 4.2 hours for "Draft Reply Brief, Declaration and Exhibit in Reply to Defendant's Opposition to Plaintiff's Motion to Remand case back to Superior Court of California, County of San Diego." (KLG Invoice at 6.)  Defendant argues that this entry is also "[e]xaggerated for [a] template motion." (Def.'s Objections at 11.)  Again, however, Defendant fails to demonstrate that KLG reused materials from a previous case.  In light of Debra Reed's lemon law experience, the Court finds that it was reasonable for Reed to bill 4.2 hours to draft the Reply brief regarding the Motion to Remand.

On February 3, 2025, Debra Reed billed 3.0 hours for "Draft Rule 26 joint report according to the rules of Magistrate Judge Karen Crawford in the Southern District of California." (KLG Invoice at 6.)  Defendant objects that this entry is simply "exaggerated." (Def.'s Objections at 12.)  Without a comparison to time billed for similar tasks in other cases or an explanation as to why Reed's billing entry is excessive on its face, the Court is left to guess as to whether it was reasonable for Reed to spend 3.0 hours drafting the Rule 26 joint report.  The Ninth Circuit, however, has advised against such a speculative exercise.  *See Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008) ("By and large, the court should defer to the winning lawyer's professional judgment as to how much time he was required to spend on the case; after all, he won, and might not have, had he been more of a slacker.").  Accordingly, the Court declines to reduce the challenged entry.

On February 7, 2025, Debra Reed billed 1.0 hours for "Draft settlement calculation spreadsheet in advance of settlement meet and confer with Defense counsel this afternoon." (KLG Invoice at 7.)  Defendant contends that this entry is "exaggerated" because "at this

point[,] counsel certainly has a breakdown of the settlement calculation." (Def.'s Objections at 16.) As with Defendant's previous objections, however, Defendant provides neither a comparison to relevant caselaw nor an effective explanation as to why this entry is excessive. Accordingly, the Court has no basis on which to find that it was unreasonable for Debra Reed to spend an hour drafting a settlement calculation spreadsheet.

###### b.      Staffing Decisions for Meetings with Defense Counsel

Defendant objects to two entries that bill for multiple attorneys to attend meetings with defense counsel. (Def.'s Objections at 6, 10.) In general, "[t]he participation of more than one attorney does not necessarily constitute an unnecessary duplication of effort." *Blood*, 2024 WL 4875265, at *9; *see Huhmann v. FedEx Corp.*, No. 13-CV-00787 BAS (NLS), 2015 WL 6127198, at *5 (S.D. Cal. Oct. 16, 2015) ("Defendant is asking the Court to second-guess Plaintiff's staffing of the case, and this the Court declines to do."). Although it is unreasonable for "two senior attorneys" to attend a settlement conference, it is reasonable for a junior attorney and a senior attorney to attend a settlement conference together. *Blood*, 2024 WL 4875265, at *10 (citing *Ahmed v. Jaguar Land Rover N. Am., LLC*, No. 22-CV-0142 DMS (WVG), 2023 WL 3961715, at *3 (S.D. Cal. June 12, 2023)). The Court considers Defendant's two objections in turn.

On November 25, 2024, Scot Wilson billed 0.8 hours for "Participate in meet and confer call with defense counsel re motion to remand per local rule 7-3." (KLG Invoice at 3.) Defendant claims that this entry is "duplicative" because Debra Reed attended and billed for the meeting and "there is no need for two attorneys billing at these rates to attend a simple meet and confer conference[.]" (Def.'s Objections at 6.) But "this was not a situation where 'two senior attorneys' attended" a meet and confer. *See Blood*, 2024 WL 4875265, at *10. At the time, Reed was an associate attorney with little lemon law experience, and Wilson was a partner with more than twenty years of experience. (*See* Kirnos Decl. ¶¶ 20, 24.) It is reasonable for two attorneys—one experienced and one inexperienced—to attend the same meeting. *See Blood*, 2024 WL 4875265, at *10. Without more information, the Court cannot second-guess KLG's staffing decisions and

conclude that it was unreasonable for two attorneys to attend the meet and confer.  The Court does note, however, that Debra Reed billed only 0.4 hours for the meeting, which is half of the amount of time that Scot Wilson billed.  (*See* KLG Invoice at 6.)  Because Plaintiff offers no explanation as to why Wilson billed 0.8 hours—twice as much time as Reed billed for the same meeting—the Court deducts 0.4 hours from Scot Wilson's time.

Similarly, on January 17, 2025, Debra Reed billed 0.3 hours for "Meet and confer in regard to settlement as per court order."  (KLG Invoice at 5.)  Defendant again argues that this entry is "duplicative" because Russell Higgins attended and billed for the same meeting.  (Def.'s Objections at 10.)  As the Court noted above, however, it is reasonable for a senior attorney and a junior attorney to attend the same meeting.  *See Blood*, 2024 WL 4875265, at *10.  Accordingly, the Court declines to reduce the time billed by Debra Reed to attend the meet and confer on January 17, 2025.

c.    Composing Emails

Defendant objects to four entries that bill for time that KLG attorneys spent composing and sending emails to defense counsel.  (Def.'s Objections at 3–4, 12.)  Specifically, Defendant asserts that the time billed is excessive in light of the content and length of the relevant emails.  (*See* Opp'n at 9:24–10:4.)  The Court considers Defendant's four objections in turn.

On November 18, 2024, Debra Reed billed 0.3 hours for "Request meet and confer with Defendant pursuant to Rule 7-3 in advance of Plaintiff's motion to remand."  (KLG Invoice at 2.)  Defendant contends that the entry is "exaggerated for [a] 3-line follow up email[,]" (Def.'s Objections at 3), and submitted to the Court a copy of the relevant email, (*see* ECF No. 22-3).  The Court agrees with Defendant and finds it excessive to spend sixteen minutes composing a brief email that requests availability and proposes potential meeting times.  Accordingly, the Court deducts 0.2 hours from Debra Reed's time.

Similarly, on November 20, 2024, Debra Reed billed 0.6 hours for "Email counsel again requesting time for 7-3 conference re Plaintiff's motion to remand."  (KLG Invoice at 2.)  Defendant again objects that the entry is "exaggerated for [a] follow up email[.]"

(Def.'s Objections at 4.)   For the reasons previously discussed in regard to Reed's November 18, 2024 email, the Court finds this entry excessive and deducts 0.5 hours from Debra Reed's time.

On November 22, 2024, Scot Wilson billed 0.4 hours for "Multiple correspondence re meet and confer." (KLG Invoice at 3.)  Defendant argues that this entry is "exaggerated for th[e] minor email exchange" and that Wilson "did not engage in the exchange." (Def.'s Objections at 4.)  Defendant submitted to the Court a copy of what Defendant claims is the relevant email exchange—four emails between Debra Reed and Mehgan Gallagher, Defendant's attorney, on November 22, 2024. (*See* ECF No. 22-4.)  Scot Wilson was copied on the conversation, but he did not send an email. (*See* ECF No. 22-4.)  Although there are circumstances in which it is necessary for an attorney to review an email exchange to which he did not substantively contribute, Plaintiff offered no explanation to justify Wilson's billing entry. (*See generally* Reply.)  Because Plaintiff has provided no basis on which to find that the entry is reasonable, the Court deducts 0.4 hours from Scot Wilson's time.

On January 30, 2025, Debra Reed billed 0.2 hours for "Email defendant to follow up on meet and confer to get a Rule 68 offer." (KLG Invoice at 6.)  Defendant contends that this entry is "[e]xaggerated for [a] follow up 1-sentence email," (Def.'s Objections at 12), and submitted to the Court a copy of the relevant email, (*see* ECF No. 22-5).  Reed's email was two-lines long and simply "inquire[d] whether [Defendant] plan[ned] to make a Rule 68 offer[.]" (ECF No. 22-5.)  The Court agrees with Defendant and finds that it was excessive to bill twelve minutes for such a brief communication.  Accordingly, the Court deducts 0.1 hours from Debra Reed's time.

### d.    Other Tasks and Events

Lastly, Defendant objects to two additional billing entries as exaggerated and unnecessary.  First, on November 22, 2024, Debra Reed billed 0.5 hours for "Attend scheduled meet and confer zoom conference with Defense who did not appear after I waited 30 minutes." (KLG Invoice at 3.)  Defendant argues that "this meeting was not confirmed

so it is unclear why counsel would wait for 30 minutes or why she would bill the client for this task." (Def.'s Objections at 5.)  An email exchange submitted by Defendant verifies that the meeting was not confirmed and that Defendant's attorney had informed Reed that the proposed meeting time would not work.  (*See* ECF No. 22-4 at 3–4.)  In fact, five hours before the proposed meeting time, Reed knew that Defendant's attorney was unavailable; Reed only appeared on the Zoom meeting to "take [defense counsel's] non-appearance." (ECF No. 22-4 at 3.)  Although it may have been necessary to log in to the meeting to confirm that Defendant's attorney was unavailable, it was unreasonable for Reed to bill 0.5 hours.  Accordingly, the Court deducts 0.4 hours from Debra Reed's time.

Second, on February 4, 2025, Debra Reed billed 0.2 hours for "Email from chambers; Lodge Plaintiff's required statement." (KLG Invoice at 7.)  Defendant raises a bare-bones objection that this entry is simply "exaggerated." (Def.'s Objections at 14.) Left with no further explanation from Defendant regarding the grounds for its objection, the Court cannot find that this entry is unreasonable.

### 3.    Prelitigation Work

Defendant claims that Plaintiff cannot recover for "prelitigation work." (Def.'s Objections at 2.)  Specifically, Defendant objects to a September 26, 2024 entry in which Lauren Ungs billed 0.3 hours for "Review documents from client; analyze repair records; determine which causes of action to be included in the complaint." (KLG Invoice at 1.) Other than describing the billing entry as "prelitigation work," however, Defendant makes no argument as to why this type of work is not recoverable.  (*See generally* Opp'n.) Plaintiff makes no argument in response.  (*See generally* Reply.)

Under the Song-Beverly Act, the Court may reimburse a prevailing buyer for attorneys' fees "reasonably incurred by the buyer in connection with the *commencement and prosecution* of" an action.  *See* Cal. Civ. Code § 1794(d) (emphasis added).  Reviewing client documents and determining which causes of action to bring are tasks that are essential to the "commencement and prosecution of" an action.  Consequently, based on

/ / /

the plain language of the Song-Beverly Act, the Court finds that Plaintiff can recover the so-called "prelitigation work" for which Lauren Ungs billed.

### 4.    Anticipated Work

Defendant's final category of objections is comprised of challenges to "anticipated work" for which KLG attorneys, at the time that Plaintiff filed the Fees Motion and the Costs Motion, preemptively billed.  (*See* Def.'s Objections at 18.)  Defendant asserts that "[a]nticipated work is not recoverable," and that KLG attorneys billed "an unreasonable amount of time." (Def.'s Objections at 18; Opp'n at 10:4–8.)  Plaintiff makes no argument in response.  (*See generally* Reply.)

Defendant cites no authority to support its contention that anticipated work is categorically unrecoverable.  (*See generally* Opp'n.)  In fact, courts in the Ninth Circuit have awarded attorneys' fees for anticipated work.  *Matevosyan v. Mercedes-Benz USA, LLC*, No. CV 22-4679 MWF JEMX, 2023 WL 8125448 (C.D. Cal. July 10, 2023) ("Courts routinely award fees for work on fee motions, including work reasonably anticipated in preparing the Reply and attending oral argument."); *see In re Transpacific Passenger Air Transportation Antitrust Litig.*, No. 07-CV-05634-CRB, 2023 WL 1428565, at *4–5 (N.D. Cal. Jan. 19, 2023); *Reyes v. Bakery & Confectionery Union & Indus. Int'l Pension Fund*, 281 F. Supp. 3d 833, 856–57 (N.D. Cal. 2017).  Therefore, the Court will include KLG's anticipatory billings—to the extent that they are reasonable—in the fee award.[11]

First, Jacob Cutler billed 2.5 hours in anticipation of preparing for and attending the hearings related to the Fees Motion and the Costs Motion.  (KLG Invoice at 8.)  Because the Court vacated the hearings and took both Motions under submission without oral

---

[11]    In other cases, KLG has used its Reply brief to "replace[ its] 'anticipated' expenses with actual hours expended[.]"  *See Aispuro*, 2020 WL 4582677, at *4.  KLG did not do so here.  (*See generally* Reply.)  Presumably, KLG is aware of the time that it ultimately expended on the Fees Motion and the Costs Motion, but it has—willfully or inadvertently—chosen to withhold that accurate accounting from the Court.  The Court takes this into consideration in determining whether Plaintiff's anticipated fees are reasonable.

argument, (*see* ECF No. 26), the Court excludes these entries from the fee award. Accordingly, the Court deducts 2.5 hours from Jacob Cutler's time.

Second, Jacob Cutler billed 3.0 hours for time he expected to spend reviewing Defendant's Opposition to the Costs Motion and drafting Plaintiff's Reply to that Opposition. (KLG Invoice at 8.) Defendant, however, did not file an opposition to the Costs Motion. (*See generally* Docket.) Accordingly, the Court deducts 3.0 hours from Jacob Cutler's time.

Lastly, Jacob Cutler anticipated that he would spend 6.0 hours reviewing Defendant's Opposition to the Fees Motion and drafting Plaintiff's Reply to that Opposition. (KLG Invoice at 8.) Notably, Cutler billed only 3.4 hours for drafting the Fees Motion—a nineteen-page document with more than 150 pages of attachments. (KLG Invoice at 8; *see generally* Fees Mem.) The Reply that Plaintiff ultimately filed was eleven pages long and included twenty pages of attachments. (*See generally* Reply.) It was unreasonable for Jacob Cutler to anticipate billing 6.0 hours for drafting the Reply, and the Court deducts 3.0 hours from Cutler's time.

### C.   *Lodestar Figure with Adjusted Rates and Hours*

In light of the Court's adjustments to Plaintiff's counsel's requested hourly rates and hours billed, the Court calculates the lodestar figure as follows:

| Name | Adjusted Hourly Rate | Adjusted Hours Billed | Fee Amount |
|---|---|---|---|
| Debra Reed | $375 | (30.9) – (5.7) = 25.2 | $9,450 |
| Jacob Cutler | $400 | (17.3) – (9.1) = 8.2 | $3,280 |
| Lauren Ungs | $450 | 0.8 | $360 |
| Russell Higgins | $475 | (8.5) – (0.3) = 8.2 | $3,895 |
| Scot Wilson | $475 | (1.5) – (0.8) = 0.7 | $332.50 |
| Norman Little | $145 | (26.5) – (23.1) = 3.4 | $493 |
| **TOTAL** | | | $17,810.50 |

/ / /

### D.    Lodestar Multiplier

Plaintiff requests a lodestar multiplier of 0.5 "[b]ased on the risk of taking this case on a contingent fee basis and the delay in payment since filing the Complaint, as well as the excellent result achieved[.]"  (Fees Mem. at 18:10–13.)  Defendant argues that a lodestar multiplier is not appropriate because this was a "simple and straightforward lemon law case[.]"  (Opp'n at 10:9–12.)

"To determine whether a lodestar multiplier should be awarded, courts consider: (1) the complexity of the case and procedural demands, (2) the skill exhibited and results achieved, (3) the extent to which the nature of the litigation precluded other employment by the attorneys, and (4) the contingent nature of the fee award."  *Aispuro*, 2020 WL 4582677, at *6 (citing *Morris v. Hyundai Motor Am.*, 41 Cal. App. 5th 24, 34 (2019). Courts generally decline to apply a multiplier in routine lemon law cases that do not pose novel procedural issues, require only a limited exercise of skill from experienced attorneys, and involve boilerplate work product. *See, e.g., Rahman*, 594 F. Supp. 3d at 1207; *Nguyen*, 2023 WL 173921, at *5; *Aispuro*, 2020 WL 4582677, at *6.

Although KLG represented Plaintiff on a contingent fee basis, the other three factors weigh against awarding a lodestar multiplier.  The issues in this case were routine, and the matter resolved without any procedural irregularities.  Although Plaintiff's attorneys are certainly skilled and experienced, this case did not demand the full range of their abilities. Furthermore, Plaintiff does not argue that this litigation precluded his attorneys from pursuing other employment opportunities.  (*See generally* Fees Mem.; Reply.) Accordingly, the Court finds that a lodestar multiplier is not appropriate in this case.

### E.    Additional Reduction

In determining the final fee award, "the district court can impose a small reduction, no greater than 10 percent—a 'haircut'—based on its exercise of discretion and without a more specific explanation."  *Moreno*, 534 F.3d at 1112.  "This reduction is in addition to the line-item reductions explained above."  *Nguyen*, 2023 WL 173921, at *7 (quoting *Salmeron v. Ford Motor Co.*, No. CV 07-266 SVW PLA, 2020 WL 9217979, at *8 (C.D.

Cal. July 14, 2020)); *see also Lardizabal v. Am. Express Nat'l Bank*, No. 22-CV-345-MMA (BLM), 2023 WL 8264435, at *10 (S.D. Cal. Nov. 29, 2023); *Pacheco v. Ford Motor Co.*, No. CV 09-006 ODW ASX, 2022 WL 845108, at *6 (C.D. Cal. Mar. 22, 2022).  Having considered the billing materials, the record, the relevant caselaw, and the Court's own experience presiding over Song-Beverly actions, the Court finds that the line-item reductions explained above do not adequately account for several inefficiencies related to the staffing and billing of this matter.  Accordingly, the Court reduces the lodestar figure by 10 percent, which results in a deduction of $1,781.05 from the fee award.

### F.    Summary

The Court **GRANTS IN PART** Plaintiff's Motion for Attorneys' Fees (ECF No. 19) and **AWARDS** Plaintiff $16,029.45 in attorneys' fees.

## II.    Costs and Expenses

Plaintiff's counsel requests that the Court award costs and expenses in the amount of $865.50.  (ECF No. 20-1 ("Costs Mem.") at 2:16–21.)  Plaintiff provided to the Court invoices that itemize his expenses, all of which relate to filing and serving documents in this action.  (*See* ECF No. 20-3 at 2, 4.)  Defendant does not oppose Plaintiff's Costs Motion.  (*See generally* Opp'n; ECF No. 25.)

"[F]iling fees, service of process, and mailing expenses are 'standard expenses incurred in prosecuting a civil lawsuit of this kind, and are the type of expenses typically billed by attorneys to paying clients in the marketplace.'"  *Nguyen*, 2023 WL 173921, at *8 (quoting *In re Packaged Seafood Prods. Antitrust Litig.*, No. 15-MD-2670 DMS (MDD), 2022 WL 3588414, at *3 (S.D. Cal. Aug. 19, 2022)).  Accordingly, the Court **GRANTS** Plaintiff's Motion for Costs and Expenses (ECF No. 20) and awards Plaintiff costs in the amount of $865.50.

## III.    Conclusion

In light of the foregoing, the Court **GRANTS IN PART** Plaintiff's Motion for Attorneys' Fees (ECF No. 19); **GRANTS** Plaintiff's Motion for Costs and Expenses (ECF No. 20); and **AWARDS** Plaintiff attorneys' fees in the amount of $16,029.45 and costs in

the amount of $865.50, for a total award of $16,894.95.  Additionally, the Court **DENIES AS MOOT** Plaintiff's Motion to Remand to State Court (ECF No. 8).

     **IT IS SO ORDERED.**

Dated:  June 24, 2025

Honorable Todd W. Robinson
United States District Judge